UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>      v.<br><br>CENTEX HOMES, et al.,<br><br>              Defendants. | No.  2:15-cv-0037 TLN KJN<br><br>ORDER |

INTRODUCTION

     Presently pending before the court is non-party Gregory Dillion's ("Dillion") motion to quash a deposition subpoena issued by plaintiff St. Paul Mercury Insurance Company ("Travelers"). (ECF No. 27.) Defendants Centex Homes and Centex Homes Realty Company (collectively, "Centex") have joined in that motion. (ECF No. 33.) On November 5, 2015, Travelers and Dillion timely filed their joint statement regarding the discovery disagreement pursuant to Local Rule 251. (ECF No. 32.) At the November 12, 2015 hearing on the motion, attorney Jeffrey Hayes appeared on behalf of Dillion and Centex, and attorney Thomas Perea appeared on behalf of Travelers.

     After carefully considering the parties' written briefing, the oral argument, and the applicable law, the court GRANTS the motion.

1

## BACKGROUND

This action arises from an underlying construction defect action pending in the San Joaquin County Superior Court, Brown, et al. v. Centex Homes, et al., Case No. 39-2014-00308836-CU-CD-STK (hereinafter "Brown"). The Brown plaintiffs, who own various single family homes in Mountain House, California, sued Centex alleging construction defects which resulted in damage to their homes.

Centex tendered its defense of Brown to Travelers as a purported additional insured under policies issued by Travelers to M.A.T. & Sons Landscaping, Inc. Travelers apparently agreed to defend Centex as an additional insured under a reservation of rights. Travelers appointed the firm of Lee, Hernandez, Landrum, Garofalo & Blake (the "Lee Firm") to represent Centex in Brown. Although Centex allowed the Lee Firm to associate into the Brown case, Centex objected to the appointment, contending that Centex is entitled to independent counsel under California Civil Code section 2860 in light of several alleged conflicts of interest between Centex and Travelers. Centex also retained another law firm, Newmeyer & Dillion LLP ("N&D"), to defend Centex in Brown. N&D represents Centex in numerous construction defect lawsuits throughout California, and also represents Centex in several coverage lawsuits with Travelers.

This action was commenced on January 6, 2015. (ECF No. 1.) In the second amended complaint, filed on April 9, 2015, Travelers essentially seeks declaratory relief as to Centex's alleged right to independent counsel and Travelers' alleged right to control the defense of Brown. (ECF No. 22.)

Subsequently, on August 20, 2015, Travelers issued a deposition subpoena to Dillion, a named partner at N&D. Dillion objects to the subpoena. After the parties' meet-and-confer efforts by telephone and in writing failed to resolve the dispute, the instant motion to quash was filed on October 13, 2015. (ECF No. 27.)

## DISCUSSION

Federal Rule of Civil Procedure 26 outlines the general scope of permissible discovery as follows:

////

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). In turn, Rule 26(b)(2)(C) provides that:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

With respect to subpoenas to third parties, the court must, on timely motion, quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). An evaluation of undue burden "requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party…." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). "It would be an undue burden on a non-party to require the non-party to produce information that is clearly irrelevant in the action." Miller v. Schmitz, 2014 WL 1154108, at *2 (E.D. Cal. Mar. 21, 2014); see also Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the non-party] would be by definition 'undue.'"); AF Holdings, LLC v. Does 1-1058, 752 F.3d 990, 995 (D.C. Cir. 2014) ("If a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party has no right to obtain?").

1    In this case, Dillion asserts that Travelers' deposition subpoena subjects him to an undue
2 burden, because he has no knowledge relevant to the dispute between Travelers and Centex, and
3 thus his deposition could not lead to the discovery of admissible evidence.  For the reasons
4 discussed below, that argument has merit in the context of this case.

5    Although Dillion is a named partner at N&D, the law firm Centex has retained to
6 represent Centex in Brown, Dillion filed a declaration under penalty of perjury stating, *inter alia*,
7 that Dillion never worked on, or billed any time to, the Brown matter; is completely uninvolved
8 with Brown; has no knowledge about Brown other than that it is implicated in the instant
9 coverage litigation; has never discussed Brown with anyone other than a brief discussion with
10 attorneys at Payne & Fears LLP (which represents Dillion and Centex in this action) to prepare
11 the motion to quash; has no recollection of his personal involvement in any Centex construction
12 defect cases for at least the last five years; has had no involvement with Travelers' appointed
13 defense counsel in their handling of any underlying Centex action, including Brown; and has no
14 firsthand personal knowledge of any of the alleged conflicts of interest of Travelers' appointed
15 counsel in any Centex construction defect case, and no knowledge whatsoever as to Brown.  (See
16 Declaration of Gregory Dillion, ECF No. 32-3 ["Dillion Decl."] ¶¶ 2-6, 10-11.)

17    Travelers questions Dillion's claimed lack of knowledge regarding the independent
18 counsel dispute between Centex and Travelers.  Travelers notes that Centex previously
19 unsuccessfully attempted to call Dillion as a trial witness in a Sacramento County Superior Court
20 action, Centex Homes v. Ad Land Venture, et al., 34-2011-00112151 ("Ad Land"), which
21 involved, *inter alia*, Centex's claim that it was entitled to payment from Travelers for its
22 independent counsel pursuant to California Civil Code section 2860.  However, as Dillion
23 explained in his declaration, Ad Land involved a host of issues unrelated to Travelers' right to
24 control Centex's defense or Centex's right to independent counsel, including a claim by Travelers
25 that N&D had engaged in billing fraud in past cases as Centex's independent counsel.  (Dillion
26 Decl. ¶¶ 7-8.)  Dillion specifically avers that, with respect to Ad Land, he was not asked to testify,
27 nor did he intend to testify, as to any right Travelers may have had to control Centex's defense or
28 any right Centex may have had to independent counsel.  (Dillion Decl. ¶ 9.)  At least at this

juncture, Travelers has provided no evidence, either in its briefing or at oral argument, that reasonably calls into question Dillion's representations made under penalty of perjury.

Travelers suggests that a deposition of Dillion would not be burdensome, because it has not requested Dillion to produce any documents and has agreed to depose Dillion at his office. Although the court appreciates Travelers' attempts to accommodate with respect to the deposition's logistics, the deposition would nonetheless be unduly burdensome if it could not reasonably lead to the discovery of admissible evidence and would amount to a mere fishing expedition. Indeed, the court notes that Centex has already offered, in exchange for Travelers' withdrawal of the subpoena, to agree not to use Dillion as a fact witness on a dispositive motion or at trial in this case. Centex also agreed to permit the deposition of Daniel O'Connell, another attorney at N&D and counsel of record for Centex in Brown, as well as the Rule 30(b)(6) deposition of M. Jarrett Coleman, Assistant General Counsel for Centex.

Based on the present record, the court concludes that Dillion's deposition testimony is not reasonably calculated to lead to the discovery of admissible evidence. Consequently, the deposition subpoena is unduly burdensome and must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv). However, the court's ruling is without prejudice to Travelers' ability to later subpoena Dillion's deposition testimony, if discovery in the action should reveal proper grounds for taking Dillion's deposition.

In light of the court's conclusion that the present subpoena must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the court declines to reach Dillion's alternative argument that Travelers cannot take Dillion's deposition consistent with Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir. 1986).

CONCLUSION

Accordingly, the court GRANTS Dillion's motion to quash (ECF No. 27).

IT IS SO ORDERED.

Dated:  November 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE